IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:26-CV-199-M

| | | |
|---|---|---|
| JONATHAN WYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AND |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| CHAMPION HOMES and THADDEUS | ) | |
| SHIPMAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -2]. Plaintiff has demonstrated evidence of inability to pay the required court costs, and the application is allowed. On frivolity review, it is recommended that the claim against Thaddeus Shipman be dismissed and the claim against Champion Homes be allowed to proceed at this time.

## I.     Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual

allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28. To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In interpreting a *pro se* complaint the court's task is not to discern the plaintiff's unexpressed intent, but what the words in the complaint mean. *Atkinson v. Nat'l Credit Sys., Inc.*, No. 5:23-CV-640-D, 2024 WL 1309185, at *1 (E.D.N.C. Mar. 27, 2024) (citing *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc) (holding that a "liberal interpretation" of a complaint does not warrant a "complete rewriting") & *Brock v. Carroll*, 107 F.3d 241, 243 n.3 (4th Cir. 1997)).

2

## II.    Discussion

Plaintiff alleges a sex discrimination claim under Title VII of the Civil Rights Act of 1964. Compl. [DE-1] at 4.  Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discimin[ating] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C.A. § 2000e-2(a).  In *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 683 (2020), the Supreme Court held that an employer who fires an individual for being gay violates Title VII's prohibition on sex discrimination.  "A plaintiff can establish a discrimination claim under Title VII by two routes: she can provide direct evidence of discrimination, or she can proceed using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)."  *Wallace v. Mary Baldwin Univ.*, No. 23-2247, 2025 WL 1409860, at *1 (4th Cir. May 15, 2025).  The use of a slur has been found to constitute direct evidence of discrimination.  *See Fulford v. Daughtry*, No. 4:11-CV-103-FL, 2013 WL 2458368, at *11 n.16 (E.D.N.C. June 6, 2013); *Dixon v. Royal Live Oaks Acad. of Arts & Scis. Charter Sch.*, No. 9:22-CV-04198-SAL-MHC, 2025 WL 3150073, at *10 (D.S.C. Sept. 26, 2025) ("derogatory comments constitute direct evidence of discrimination if they are '(1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue.'") (quoting *Bandy v. City of Salem*, 59 F.4th 705, 711 (4th Cir. 2023)), *report and recommendation adopted sub nom. Dixon v. Royal Live Oaks Acad. of the Arts & Sci. Charter Sch.*, 2025 WL 3002089 (D.S.C. Oct. 27, 2025).

Plaintiff claims he was assigned to work for Champion Homes through a temp agency during the summer of 2025, but after weeks of being told he would be hired permanently,

Plaintiff's employment was terminated. Compl. [DE-1] at 3. Plaintiff further claims that the plant supervisor, Thaddeus Shipman, told Plaintiff that he was not getting hired permanently and, specifically, that he (Shipman) does not hire "fags and queers here." *Id.* Plaintiff alleges he was discriminated against because he is a homosexual. *Id.* Plaintiff's Title VII sex discrimination claim against Champion Homes is sufficient to survive frivolity review, and any potential pleading deficiencies or affirmative defenses are most appropriately addressed on a fully briefed Rule 12 motion. The court, however, should dismiss the claim against Thaddeus Shipman, because Title VII does not provide for individual liability. *See Williams-Grogans v. DeJoy*, No. 5:22-CV-189-FL, 2022 WL 10208561, at *2 (E.D.N.C. Aug. 23, 2022) ("Title VII authorize[s] remedies against employers, not individuals.") (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (concluding Title VII forecloses individual liability) (additional citation omitted)), *adopted by* 2022 WL 10146076 (E.D.N.C. Oct. 17, 2022). Accordingly, it is recommended that the claim against Shipman be dismissed, and that the claim against Champion Homes proceed at this time.

### III.   Conclusion

For the reasons stated herein, it is recommended that the claim against Shipman be dismissed, and that the claim against Champion Homes proceed at this time.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 26, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

4

magistrate judge with instructions. See, e.g., 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, the **1²** day of May, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge