IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:26-CV-00199-M-RJ

JONATHAN WYNN,

      Plaintiff,

v.

CHAMPION HOMES and THADDEUS
SHIPMAN,

      Defendants.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R")

prepared by United States Magistrate Judge Robert B. Jones, Jr. DE 5. Pursuant to 28 U.S.C.

§ 636(b)(1) and Federal Rule of Civil Procedure 72(b), Judge Jones allowed Plaintiff to proceed

without paying a filing fee, recommended dismissing Plaintiff's claim against Defendant Shipman,

and recommended allowing Plaintiff's claim against Defendant Champion Homes to proceed. DE

5. Plaintiff has filed a document which concedes to Judge Jones' recommendations and further

requests certain evidentiary measures. DE 6.

A magistrate judge's recommendation carries no presumptive weight. The court "may

accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence

or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord*

*Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection

is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff has not objected to Judge Jones' recommendations, so the court has reviewed those recommendations for clear error and, finding none, adopts them as its own. DE 5. Accordingly, Plaintiff's claim against Defendant Shipman is DISMISSED.

Additionally, Plaintiff's filing contains requests for evidentiary measures best addressed during discovery. *See* DE 6 at 1 (requesting to depose and serve interrogatories on Defendant Shipman and seeking to "make a motion for [certain] hiring records . . . so they may be entered as evidence"). Those requests are improperly brought in a document containing Plaintiff's objections, or lack thereof, to the M&R, and, as such, this court will not address them. Should Plaintiff file motions seeking that relief, then the court will consider those motions at the appropriate time.

SO ORDERED this __26th__ day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2